IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON HAATAJA,                              Case No. 3:13-cv-00245-AA
                                                  OPINION AND ORDER
        Plaintiff,

    v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.
_____

Merrill Schneider
Schneider Kerr Law Offices
P.O. Box 14490
Portland, Oregon 97293
    Attorney for plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

Nancy A. Mishalanie
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104
    Attorneys for defendant

AIKEN, Chief Judge:

Plaintiff Jason Haataja brings this action pursuant to the Social Security Act ("Act") to obtain judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his application for disability insurance benefits ("DIB"). For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## PROCEDURAL BACKGROUND

On June 23, 2011, plaintiff protectively applied for DIB, initially alleging disability as of March 15, 2008; however, he subsequently amended his alleged onset date to November 1, 2006.[1] Tr. 129, 131, 165. His application was denied initially and upon reconsideration. Tr. 80-84, 86-89. Plaintiff timely requested a hearing before an administrative law judge ("ALJ"). Tr. 90-92. On July 12, 2012, an ALJ hearing was held before the Honorable Rudolph Murgo. Tr. 35-75. Plaintiff testified at the hearing, while represented by counsel, along with vocational expert ("VE") Nancy Bloom and medical expert ("ME") John Nance, Ph.D. Tr. 35-75. On September 13, 2012, the ALJ issued a decision finding plaintiff not disabled under the Act. Tr. 20-31. The Appeals

---

[1] Plaintiff previously applied for DIB and was denied benefits on January 5, 2011, at the initial level. Tr. 165-66. It is unclear from the record whether plaintiff's prior filing was based on similar impairments or an overlapping adjudication period, such that the presumption of continuing non-disability is relevant. See Epperson-Nordland v. Colvin, 2013 WL 5774110, *3-4 (D.Or. Oct. 22, 2013).

Page 2   - OPINION AND ORDER

Council denied plaintiff's request for review and plaintiff then filed a complaint in this Court. Tr. 1-5.

## STATEMENT OF FACTS

Born on February 19, 1982, plaintiff was 24 years old on the amended alleged onset date of disability and 30 years old at the time of the ALJ hearing. Tr. 29, 131. Plaintiff graduated from highschool and worked previously as a logger; he also served in the military. Tr. 22, 42. He alleges disability due to a post-traumatic stress disorder ("PTSD"), traumatic brain injury, back injury, knee injury, memory problems, and anxiety. Tr. 169.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486

(9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled.

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). If not, the claimant is not disabled.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(e) & (f). If the claimant can work, he is not disabled. If he cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national and local economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g).

## THE ALJ'S FINDINGS

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since the amended alleged onset date, giving him the benefit of the doubt regarding work performed in 2007 and 2008. Tr. 22. At step two, the ALJ found that plaintiff had the following severe impairments: traumatic brain injury, PTSD, depression, and migraines. Id. At step three, the ALJ determined that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 23.

The ALJ then determined that plaintiff retained the residual functional capacity ("RFC") to perform the full range of work at all exertional levels. Tr. 24. The ALJ, however, imposed the following nonexertional limitations: no public contact, occasional co-worker contact, no teamwork, simple and routine

Page 5 - OPINION AND ORDER

tasks, and the ability to be off-task 30 minutes each day in addition to normally scheduled breaks. Id.

At step four, the ALJ found that plaintiff was unable to perform any past relevant work. Tr. 29. At step five, the ALJ determined that jobs existed in the national and local economy in significant numbers that plaintiff could perform, such as industrial cleaner, hand packager, and dishwasher. Tr. 29-30. Ultimately, the ALJ concluded that plaintiff was not disabled under the Act. Tr. 31.

## DISCUSSION

Plaintiff argues the ALJ erred by failing to adequately consider and reject the Veteran Administration's ("VA") determination that he is entitled to receive total disability compensation. The ALJ "must ordinarily give great weight to a VA determination of disability," but may give less weight to such a determination by providing "persuasive, specific, valid reasons for doing so that are supported by the record." McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). The "acquisition of new evidence or a properly justified reevaluation of old evidence constitutes a 'persuasive, specific, and valid reason . . . supported by the record' . . . for according little weight to a VA disability rating." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 694-95 (9th Cir. 2009) (quoting McCartney, 298 F.3d at 1076).

After a deployment ending in 2006, the VA initially assessed plaintiff with a 60% service-connected disability rating. Tr. 358. Around February 2009, plaintiff sought an increase in his disability benefits. Tr. 371. Plaintiff's rating was adjusted to reflect his current VA determination, 80% overall disability, broken down into the following categories: migraine headaches - 30%; tinnitus - 10%; PTSD - 50%; traumatic brain disease - 40%. Tr. 296, 400. Despite plaintiff's 80% disability determination, he receives benefits at the 100% rate because he is deemed unemployable by the VA due to his service-connected disabilities. Tr. 500.

Plaintiff's medical records indicate that he periodically attended medical consultations at VA medical centers from June 2007 through September 2009. Tr. 321-23. Plaintiff's most recent VA examination concluded that he continued to suffer from symptoms of PTSD and depression but nonetheless did not "describe any significant mood difficulties that impact his work functioning." Tr. 300. Since September 2009, plaintiff has neither engaged in nor requested any medical treatment through the VA or any other medical facility. Tr. 322. In fact, plaintiff's VA medical providers noted that he "has not responded to attempted outreach" since 2009. Tr. 302, 496.

Prior to discussing the VA's disability determination, the ALJ summarized and assessed the medical opinions of Mark Dillon,

Page 7   - OPINION AND ORDER

Ph.D., Douglas Smyth, Ph.D., Ben Kessler, Psy.D., and Dr. Nance. Tr. 24-29. Dr. Dillon, on behalf of the VA, assessed plaintiff in November 2007 and February 2009. Tr. 297-300, 380-84. In his most recent evaluation, Dr. Dillon diagnosed plaintiff with mild PTSD, which could very well improve, and major depressive disorder ("MDD"), in partial remission. Tr. 297-300. He also assessed plaintiff with a GAF score of 65, indicating mild symptoms. Tr. 299. The ALJ gave Dr. Dillon's opinion significant weight because it was consistent with the longitudinal treatment record. Tr. 27.

In December 2010, Dr. Smyth evaluated plaintiff. Tr. 272-79. He diagnosed plaintiff with PTSD, rule-out undifferentiated somatoform disorder, status post reported brain injury, and MDD, in partial remission. Tr. 278. Dr. Smyth noted, however, that there was insufficient evidence of cognitive problems associated with the reported brain injury. Id. Dr. Smyth also suggested testing on memory malingering. Id. The ALJ gave Dr. Smyth's opinion significant weight because it was based on accepted measures of cognitive functioning and was consistent with the medical evidence of record. Tr. 27.

In October 2011, Dr. Kessler examined plaintiff. Tr. 489-94. He concluded that plaintiff's symptoms were suggestive of PTSD with depressive features rather than a traumatic brain injury. Tr. 493-94. The ALJ afforded Dr. Kessler's opinion

Page 8 - OPINION AND ORDER

great weight because it was consistent with the other medical evidence. Tr. 27-28.

Additional VA test results from a November 2007 physical examination established that plaintiff's hearing was within normal limits, despite his diagnosis of tinnitus. Tr. 474-77. Furthermore, plaintiff testified at the hearing that he was not currently taking prescription or non-prescription medication for his migraines. Tr. 46; see also Tr. 196, 203.

After reviewing plaintiff's medical records and listening to his testimony, Dr. Nance gave his expert opinion at the ALJ hearing. Tr. 63-72. He opined that plaintiff primarily suffered from PTSD. Tr. 64-65. He also diagnosed plaintiff with MDD, in partial remission, and an organic mental disorder, notwithstanding the inconsistencies noted in plaintiff's medical records. Id. Dr. Nance concluded that plaintiff's medical impairments do not, either individually or in combination, meet or equal a listed impairment. Tr. 66. The ALJ afforded Dr. Nance's opinion significant weight because it was consistent with the other medical evidence and he was the only doctor to analyze all of plaintiff's medical records and hear his testimony. Tr. 28. As a result, the ALJ fashioned a RFC consistent with the functional limitations assessed by Dr. Nance. See Tr. 24, 66-74.

On appeal, plaintiff does not challenge the weight afforded to the opinions of Drs. Dillon, Smyth, Kessler, or Nance. See

Page 9 - OPINION AND ORDER

generally, Pl.'s Opening Br.; Pl.'s Reply Br. Further, because plaintiff has not sought or received any medical services since September 2009, there are no coterminous records from any treating source. As such, based on evidence from Drs. Dillon, Smyth, Kessler, and Nance, the ALJ gave plaintiff's VA service-connected disability rating some weight.[2] Tr. 28. The ALJ resolved that this more recent evidence established that plaintiff's conditions were not as limiting as alleged or initially described. Id. In fact, the ALJ noted that, based on the longitudinal record, plaintiff's conditions are relatively mild and capable of improving. Id. Therefore, the ALJ's comprehensive assessment of plaintiff's medical records, including those of Drs. Dillon, Smyth, Kessler, and Nance, is a persuasive, specific, and valid reason, supported by substantial evidence, for according less weight to the VA disability determination. See Valentine, 574 F.3d at 695. Accordingly, the ALJ did not err in his evaluation of plaintiff's VA disability rating.

## CONCLUSION

---

[2] The ALJ expressly relied on the "[r]ecords from Dr. Smyth, Dr. Kessler, and V.A. treatment providers" in affording less weight to the VA disability rating. Tr. 28. As such, contrary to plaintiff's assertion, this Court does not improperly rely on "[t]he Commissioner's . . . post hoc rationalization" by affirming the ALJ's decision on this basis. Pl.'s Reply Br. 2.

Page 10 - OPINION AND ORDER

The Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 3RD day of April 2014.

/s/ Ann Aiken
Ann Aiken
United States District Judge